IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-40644

Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

PAUL TERRELL THOMAS,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:00-CR-32-3)

---

November 21, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Paul Terrell Thomas appeals the district court's judgment following his guilty-plea conviction for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. § 846. Thomas first argues that the district court erred in using an incident that occurred in

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

December 1999 to calculate the amount of cocaine for which he should be held responsible.

The district court's determination of the quantity of drugs attributable to a defendant for purposes of calculating his sentence is a factual finding that this court reviews for clear error.[1] Because Thomas adduced no evidence in the district court to rebut the facts recited in the presentence report (PSR), the district court was free to adopt these facts and rely upon them in sentencing Thomas.[2]

The PSR details Thomas' involvement with the December 1999 incident and shows that Thomas was substantially involved with this incident. The facts as recited in the PSR also show that the December 1999 incident was part of the offense of conviction, not an extraneous offense. Thomas has not shown that the district court erred in using the December 1999 incident to calculate the amount of cocaine for which he should be held responsible.

Thomas also argues that the district court erred in determining that he was a leader or organizer of the criminal conspiracy for which he was convicted. Thomas has not shown that the district court clearly erred in concluding, based on the facts set forth in the PSR, that the conspiracy involved five or more people and that Thomas was a leader or organizer of the

---

[1] *United States v. Vine*, 62 F.3d 107, 109 (5th Cir. 1995).

[2] *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

conspiracy.[3]  Because Thomas has shown no error in the district court's judgment, that judgment is AFFIRMED.

---

[3] *United States v. Lage*, 183 F.3d 374, 383 (5th Cir. 1999).

3